**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN SCHRAM,

    Petitioner,

                                        CASE NO. 2:11-CV-15045
v.                                       HONORABLE MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT COURT

RAYMOND BOOKER,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Kevin Schram, ("Petitioner"), confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction and sentence for first–degree home invasion, M.C.L.A. 750.110a(2); conspiracy to commit first-degree home invasion, M.C.L.A. 750.110a(2); M.C.L.A. 750.157a; and receiving and concealing a stolen firearm, M.C.L.A. 750.535b.  For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

## I. Background

Petitioner pleaded guilty to the above offenses in the St. Clair County Circuit Court.  On March 29, 2010, petitioner was sentenced to concurrent terms

of 6 ½ to 20 years on the first-degree home invasion and conspiracy to commit first-degree home invasion charges and received a concurrent sentence of 1 year, 10 months to 10 years on the receiving and concealing a stolen firearm conviction. [1]

Petitioner filed a motion for resentencing, which was denied by the trial court on November 2, 2010. Petitioner's conviction and sentence was affirmed on appeal. *People v. Schram,* Nos. 302754, 302765, 302788, 302793, 302796, 302804 (Mich.Ct.App. April 14, 2011)(Stephens, J. would grant leave to appeal); lv. den. 804 N.W. 2d 322 (2011). [2]

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Mr. Schram's assistance to law enforcement was objective and verifiable because police were able to get a search warrant based on the information Mr. Schram provided and recover stolen property including a stolen firearm.

II. The definition of conviction in MCL 777.50(4)(a) does not override the definition of prior low severity conviction in PRV 2, MCL 777.52(2).

III. Alternatively, the term low severity felony conviction is either unconstitutional[ly] vague or the rule of lenity requires that it be

---

[1] The trial court could have sentenced petitioner to consecutive sentences for these offenses, because M.C.L.A. 750.110a(8) gives a trial court the discretion to order a term of imprisonment for first-degree home invasion to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

[2] The multiple case numbers for petitioner's Michigan Court of Appeals cases are based on the fact that petitioner was convicted of a number of other felony offenses in separate cases that he does not challenge in his current petition. The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

construed in favor of defendant.

IV. OV 9 was erroneously scored because the homeowners' contemporaneous presence in the house was already accounted for in raising this offense from home invasion 2nd[degree] to home invasion 1st [degree].

V. OV 14 was erroneously scored because there was no evidence that Mr. Schram was a leader.

VI. There was no strategic reason for trial counsel's failure to bring Mr. Schram's cooperation with law enforcement to the trial court's attention, ask for a downward departure, object to the scoring of PRV 2, OV 9, OV 14, and advocate on Mr. Schram's behalf in a meaningful way.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)(quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

In addition, promptly after the filing of a petition for habeas corpus, this Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., see also Allen v. Perini, 424 F. 2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen, 424 F. 3d at 140. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. Id. 2005).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily denied. See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). The Court

likewise concludes that petitioner's related ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. See Mathews v. United States, 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

### III.  Discussion

**A.  Claims # 1, 2, 3, 4, and 5.  The sentencing claims.**

In his first, second, third, fourth, and fifth claims, petitioner challenges the trial court's sentence.  In his first claim, petitioner contends that the trial court should have departed below the sentencing guidelines range based upon petitioner's cooperation with law enforcement.  In his second, third, fourth, and fifth claims, petitioner contends that the trial court incorrectly scored Prior Record Variable (PRV) 2 and Offense Variables (OV) 9 and 14 of the Michigan Sentencing Guidelines.

Petitioner is not entitled to habeas relief on his sentencing guidelines claims.  It is well-established that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991)(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas

review, because it is basically a state law claim. See Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir. 2003); See also Haskell v. Berghuis, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." See Mitchell v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." Doyle v. Scutt, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. Id.

To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, namely, by failing to consider the fact that petitioner had cooperated with the police, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. See Alvarado v. Hill, 252 F. 3d 1066, 1069 (9th Cir. 2001)(citing to Harmelin v. Michigan, 501 U.S. 957, 996 (1991)). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. See Hastings v. Yukins, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Petitioner's claim that the trial court failed to depart

below the sentencing guidelines range pursuant to M.C.L.A. 769.34(3) is therefore non-cognizable on federal habeas review. See Stewart v. Lavigne, 2006 WL 752603, * 6-7 (E.D. Mich. March 22, 2006). Petitioner is not entitled to habeas relief on his first, second, third, fourth, and fifth claims.

**B. Claim # 6. The ineffective assistance of counsel claim.**

In his sixth claim petitioner alleges that trial counsel was ineffective for failing to bring up petitioner's cooperation with the police in order to request a downward departure from the sentencing guidelines range. Petitioner also contends that counsel was ineffective for failing to object to the trial court's erroneous scoring of PRV 2 and OV 9 and OV 14 of the Michigan Sentencing Guidelines.

As a general rule, to show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, the

8

defendant must show that such performance prejudiced his defense. Id.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 130 S. Ct. 383, 390-91 (2009).

Although the Supreme Court has never expressly extended Strickland to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. See United States v. Stevens, 851 F. 2d 140, 145 (6th Cir. 1988).  However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. Miller v. Straub, 299 F. 3d 570, 578-579 (6th Cir. 2002).  The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in Strickland, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" Cooper-Smith v.

9

Palmateer, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(quoting Strickland, 466 U.S. at 686).  Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. Id., See also Davis v. Grigas, 443 F. 3d 1155, 1158 (9th Cir. 2006).

In any event, assuming that Strickland applies to noncapital sentencings, petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines variables or for failing to request a downward departure from the sentencing guidelines range based upon petitioner's cooperation with the police, because petitioner has failed to establish that his sentence would have been different had counsel undertaken these actions.  Not only did the trial court deny petitioner's motion for resentencing, the Michigan Court of Appeals and the Michigan Supreme Court on petitioner's direct appeal also rejected petitioner's sentencing claims and his related ineffective assistance of counsel claim, in which he challenged the scoring of the Michigan Sentencing Guidelines and the trial court's failure to depart below the guidelines range based upon petitioner's assistance to law enforcement.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement

of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." See Hammond v. Hall, 586 F.3d 1289, 1340 (11th Cir. 2009).

In light of the fact that the petitioner's sentencing claims were rejected by the trial court judge when he denied petitioner's motion for resentencing and by the Michigan appellate courts when they denied petitioner leave to appeal, petitioner cannot show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines or for failing to request a downward departure from the sentencing guidelines range. See Myers v. Ludwick, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009); See also Smit v. Connerly, No. 2009 WL 275679, * 4 (E.D. Mich. February 5, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. Baze v. Parker, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines or for failing to request a downward departure. See Spencer v. Booker, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

Petitioner is not entitled to relief on his sixth claim.

## IV. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the

standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal in forma pauperis

                               s/Marianne O. Battani
                               **HONORABLE MARIANNE O. BATTANI**
**Dated: December 1, 2011**       **UNITED STATES DISTRICT JUDGE**

CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Kevin Schram and the Respondent via ordinary U.S. Mail.

                                          s/Bernadette M. Thebolt
                                          Case Manager